# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACILYN MARIE GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:21-cv-00068-SAB<br><br>ORDER RE STIPULATION FOR NUN PRO TUNC EXTENSION OF TIME TO FILE LETTER BRIEF AND TO MODIFY SCHEDULING ORDER AS TO REMAINING DEADLINES<br><br>(ECF Nos. 15, 16)<br><br>THREE DAY DEADLINE |

Plaintiff Tracilyn Marie Garcia filed this action seeking review of the Commissioner's denial of Social Security benefits on January 15, 2021. On January 19, 2021, the Court issued a scheduling order. (ECF No. 5.) On February 12, 2021, the Court issued an order staying the action pursuant to General Order 615. (ECF No. 9.) On June 11, 2021, the administrative transcript was lodged with the Court and the Court lifted the stay on the action. (ECF Nos. 12, 13.) The parties were directed to proceed according to the scheduling guidelines set forth in the January 19, 2021 scheduling order (ECF No. 5). (ECF No. 13 at 2.)

Pursuant to the January 19, 2021 scheduling order, Plaintiff's confidential letter brief was due on July 12, 2021; Defendant's confidential letter brief was due thirty-five days thereafter. (See ECF No. 5 ¶¶ 3, 4.) Plaintiff, in compliance with the scheduling order, served her confidential letter brief on July 12, 2021. (See ECF No. 14.) Accordingly, Defendant's confidential letter brief

1

1  was due on August 16, 2021.  Defendant's brief, however, was not filed until September 7, 2021.
2  (See ECF No. 15.)

3  On October 6, 2021, the parties filed a stipulated extension of the deadline for Plaintiff to
4  file her opening brief from October 7, 2021, to November 8, 2021.  (ECF No. 16.)  The parties
5  indicate their stipulation is filed in conformance with the provision of the January 19, 2021
6  scheduling order that permits the parties to stipulate to a single thirty-day extension of any part of
7  the scheduling order without seeking the Court's approval.  The request does not, however,
8  acknowledge Defendant's late filing, nor does it seek a post hoc extension of that deadline.

9  Even applying the one permissible stipulated extension (as identified in the scheduling
10 order) to extend Defendant's deadline, the parties were still required to file a stipulation to that
11 effect, which they did not.  Further, even if Plaintiff's filing deadline was extended to October 7,
12 2021, the Court notes the instant stipulation was filed on the eve of Plaintiff's filing deadline.

13 The parties are reminded that any failures to comply with the scheduling order may result
14 in sanctions pursuant to Local Rule 110.  The parties are advised that, due to the impact of social
15 security cases on the Court's docket and the Court's desire to have cases decided in an expedient
16 manner, requests for modification of the briefing scheduling will not routinely be granted but will
17 only be granted upon a showing of good cause.  Furthermore, requests to modify the briefing
18 schedule that are made on the eve of a deadline or thereafter will be looked upon with disfavor
19 and may be denied absent a showing of good cause for the delay in seeking an extension.  If such a
20 request is made after a deadline, the party seeking the nunc pro tunc extension must show additional
21 good cause as to why the matter was filed late.

22 Because the parties' stipulation does not address Defendant's untimely filing or seek a nunc
23 pro tunc extension of Defendant's confidential letter brief deadline, the Court finds the scheduling
24 order has not been complied with and the Court shall now require an explanation as to why the
25 parties did not seek an extension of Defendant's filing deadline prior to the deadline as well as a
26 showing of good cause for the extension.

27 Accordingly, IT IS HEREBY ORDERED that:

28 1. Defendant shall submit an explanation as to why the parties' recent stipulation did

not address Defendant's confidential letter brief deadline and show good cause exists to grant a nunc pro tunc extension of time regarding the confidential letter brief deadline **within three days** of entry of this order;

2. Failure to establish good cause exists for the nunc pro tunc extension may result in sanctions pursuant to Local Rule 110, including but not limited to rejecting the untimely filing, construing Defendant's lack of response as a statement of non-opposition to Plaintiff's informal brief, and entering judgment in favor of Plaintiff;

3. If Defendant establishes good cause exists to grant the nunc pro tunc extension, the stipulated request to extend the deadline for Plaintiff's opening brief (ECF No. 16) will be granted, Plaintiff's new opening brief deadline will be set for **thirty days** after entry of the Court's ruling on Defendant's nunc pro tunc response, and all remaining deadlines as set forth in the scheduling order (ECF No. 5) will be amended accordingly.

IT IS SO ORDERED.

Dated:   **October 7, 2021**

UNITED STATES MAGISTRATE JUDGE